IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WePAY GLOBAL PAYMENTS LLC,

        Plaintiff,

v.

McDONALD'S CORPORATION,

        Defendant.

Case No. 22 C 1064

Judge Harry D. Leinenweber

<u>MEMORANDUM OPINION AND ORDER</u>

## I.   <u>BACKGROUND</u>

WePay Global Payments LLC ("WePay") is the owner of a United States Design Patent No. D930,702 (the "702 Patent") that is entitled "Display Screen with animated user interface." (702 Patent at 1, Compl. at 7, Dkt. No. 1-1.) It is suing McDonald's Corporation ("McDonald's") for infringement. McDonald's has moved for dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim that is plausible on its face. (Dkt. No. 15.)

The Complaint describes the patent in suit as "a unique ornamental design for a display screen portion with animated graphic user interface" ("GUI"). (Compl. ¶ 8, Dkt. No. 1.) A GUI is a way to command a computer operating system using graphic symbols. *Graphical User Interface Law & Legal Definition*, USLEGAL.COM, http:// definitions.uslegal.com/g/graphical-user-interface/ (last visited Nov. 18, 2022). GUIs have been around

since the 1970s. *Id*. Elements include a window that displays information on the screen, a menu that contains a list of selections that allows the user to make choices, and small picture icons. *Graphical User Interface (GUI)*, Tutorials Point, https://www.tutorialspoint.com/graphical-user-interface-gui (last visited Nov. 28, 2022).

## II.  **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the Complaint need not contain specific facts, it must provide the defendant with "fair notice" of the plaintiff's claim and the ground upon which it rests. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A district court may dismiss with prejudice when the plaintiff fails to demonstrate how an amendment would cure the deficiencies in the

- 2 -

Complaint. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015).

### III.  <u>DISCUSSION</u>

The Complaint does not describe with words the McDonald's app that allegedly infringes the 702 patent. Instead, the Complaint shows pictures of the app. The first picture shows a graphic containing a series of squares and the words "Earn Points." (Claim Charts, Compl. at 15, 19, Dkt. No. 1-2.) There is a total of eight squares, three of which are at the SW, NW, and NE corners that form the shape of a larger square. (*Id.*) In the remaining corner (SE) is a series of smaller squares, four of which are located at the four corners and the fifth square in the middle. (*Id.*) The second picture shows an order form that lists McDonald's menu with pictures of the food items together with their descriptive names. (*Id.* at 16, 20.) The third picture shows a list of available condiments, such as cream, sugar, salt, and pepper. (*Id.* at 17, 21.) There are other check boxes located at the bottom of the second and third picture, such as "home," "order," and "earn points." (*Id.* at 16, 17, 20, 21.)

WePay compares these three McDonald's pictures with three of the five "drawing sheets" of the patent at issue. (702 Patent, Compl. at 9-13, Dkt. No. 1-1.) Figure 3 shows a zero dollar ($0.00) over a square with three smaller squares at the corners (SW, MW,

and NE) and the words "Send", "Request", and "Split" at the bottom. (*Id.* at 11.) The big box consists of broken lines, and each smaller box consists of a small solid square surrounded by two larger dotted line squares. (*Id.*) Figure 4 of the patent in suit consists of an oblong at the top of the figure created by a west to east dotted line. (*Id.* at 12.) Beneath the oblong is a series of dotted line" circles, consisting of two rows of three circles at the top, with four similar sized circles extending down along the left edge. (*Id.*) Figure 5 consists of the zero dollar ($0.00) with a large, dotted line square beneath it. (*Id.* at 13.) The word "cancel" is at the bottom. (*Id.*)

Both sides agree that to prove infringement, the claim must withstand the "ordinary observer test," which considers whether "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Egyptian Goddess*, *Inc. v. Swisa*, *Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (*en banc*). Moreover, design patents only protect "the novel, ornamental features of the patented design." *Oddz Products*, *Inc. v. Just Toys Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). The overall impression is the key and there is no infringement if it is based solely on a similarity of a specific feature where the overall design is dissimilar. *Id.* In other words, the comparison is of the design as a whole, not a specific point or points of

novelty. *Hall v. Bed*, *Bath and Beyond*, 705 F.3d 1357 (Fed. Cir. 2013).

As far as the Court can tell, Plaintiff's main argument is that the series of three boxes of indeterminate size on Figure 3, are comparable to McDonald's symbol of 8 boxes which are on the same page as the list of its specials of the day. (The boxes are considered of indeterminate size because Plaintiff disclaimed any specific size or distance between them. This means that the boxes could be of any size or location, *vis-a-vis*, each other.) Figure 4, the page with the ten-circle page, presumably is meant to be confusingly similar to any app that includes a menu such as McDonald's. Figure 5, the square of indeterminate size, is presumably meant to be confusingly similar to the third McDonald's screen, which depicts a list of condiments.

After reviewing the Plaintiff's exhibit, the Court does not see how any observer, ordinary or extraordinary for that matter, could ever find McDonald's app confusingly similar to Plaintiff's patented design. Comparing three boxes of indeterminate size with a list of McDonald's specials or comparing a series of ten circles of indeterminate size with McDonald's menu, or, comparing a plain box of indeterminate size with a list of condiments, could not possibly result in a confused observer. Plaintiff's design appears to be the antithesis of what a design patent is supposed to

protect, i.e., novel, and ornamental features. *Oddz Productions*, 122 F.3d at 1405.

As pointed out above, GUI apps have been around a long time. Plaintiff's attempt to compare what is essentially nothing but unadorned squares and circles with McDonald's sales items, food menu, and condiments, might perhaps be good fodder for a Seinfeld episode, but borders on the ridiculous in a federal court. Plaintiff, arguing against a Motion to Dismiss under *Iqbal* and *Twombly*, says that the Complaint gives McDonald's notice of its claim, which it feels is sufficient to withstand a motion to dismiss. While it may put McDonald's on notice of the nature of its claim, it does nothing to give it any plausibility. The Motion to Dismiss is granted. Because any amendments would be futile, the dismissal is with prejudice.

### IV.    CONCLUSION

For the reasons state herein, McDonald's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted with prejudice.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 11/29/2022

- 6 -

# APPENDICES

**Appendix A — Patent**

**Appendix B — Claim Chart — Count I**

**Appendix C — Claim Chart — Count II**

# APPENDIX A
# PATENT

US00D930702S

(12) **United States Design Patent** (10) Patent No.: **US D930,702 S**
Grecia (45) Date of Patent: ** **Sep. 14, 2021**

(54) **DISPLAY SCREEN PORTION WITH ANIMATED GRAPHICAL USER INTERFACE**

(71) Applicant: **William Grecia**, Downingtown, PA (US)

(72) Inventor: **William Grecia**, Downingtown, PA (US)

(73) Assignee: **WEPAY GLOBAL PAYMENTS LLC**, Middletown, DE (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/749,131**

(22) Filed: **Sep. 3, 2020**

(51) LOC (13) Cl. .............................................. **14-04**

(52) **U.S. Cl.**
USPC ........................................ **D14/492**; D14/490

(58) **Field of Classification Search**
USPC ..... 345/1.1, 1.2, 2.1–2.3, 3.1, 902; 715/763, 715/810, 836, 837, 846, 847, 977; D14/485–495
CPC ......... B60K 37/00; G06F 3/048–04897; G06F 3/013; G06F 3/017; G06F 3/165; G06F 3/197; G06F 17/212; G06T 13/80; G06T 15/02; G06Q 10/10; H04M 1/0277; H04M 1/0202; H04M 1/02; H04M 1/6075; H04M 3/567; H04M 1/2477; H04M 1/26; H04M 1/274582; H04L 12/581; H04L 12/813; H04L 12/1813; H04N 7/16
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D590,412 S | 4/2009 | Saft | |
| D600,718 S | 9/2009 | LaManna | |
| D604,308 S * | 11/2009 | Takano | ........................ D14/486 |
| 8,403,215 B2 | 3/2013 | Aihara | |
| D690,311 S * | 9/2013 | Waldman | .................... D14/485 |

| | | | |
|---|---|---|---|
| D697,074 S * | 1/2014 | Waldman | .................... D14/485 |
| D702,723 S | 4/2014 | Abratowski | |
| 8,720,771 B2 | 5/2014 | MacKinnon Keith | |

(Continued)

OTHER PUBLICATIONS

Author: Denso Wave, Article: https://www.denso-wave.com/en/adcd/ fundamental/2dcode/qrc/index.html.

(Continued)

*Primary Examiner* — Cary M Robinson

(57) **CLAIM**

The ornamental design for a display screen portion with animated graphical user interface, as shown and described.

**DESCRIPTION**

FIG. **1** is a front view of a first image of a first embodiment of a display screen portion with animated graphical user interface showing my new design;
FIG. **2** is a front view of a second image thereof;
FIG. **3** is a front view of a first image of a second embodiment of a display screen portion with animated graphical user interface showing my new design;
FIG. **4** is a front view of a second image thereof; and,
FIG. **5** is a front view of a third image thereof.
In the first embodiment, the appearance of the transitional image sequentially transitions between the images shown in FIGS. **1** through **2**. In the second embodiment, the appearance of the transitional image sequentially transitions between the images shown in FIGS. **3** through **5**. The process or period in which one image transitions to another image forms no part of the claimed design.
The broken line showing of a portion of a display screen and a computer device in FIGS. **1** through **5** forms no part of the claimed design. The broken line showing of text and portions of the graphical user interface in FIGS. **1** through **5** represents environmental subject matter and forms no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



## US D930,702 S

Page 2

(56)                     **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D711,911 S | | 8/2014 | Karunamuni |
| D712,430 S | | 9/2014 | Jang |
| 8,922,721 B2 | | 12/2014 | Jung |
| D741,361 S | | 10/2015 | Cornish |
| D743,976 S | | 11/2015 | Wilberding |
| D744,501 S | | 12/2015 | Wilberding |
| 9,225,822 B2 | | 12/2015 | Davis |
| D754,685 S | | 4/2016 | Carlton |
| D757,094 S | | 5/2016 | Xiang |
| D758,421 S | | 6/2016 | Liu |
| D762,711 S | | 8/2016 | Zhang |
| D766,294 S | | 9/2016 | Smith |
| D766,954 S | | 9/2016 | Smith |
| D769,283 S | | 10/2016 | Smith |
| D769,284 S | | 10/2016 | Wiesner |
| D769,296 S | | 10/2016 | Grecia |
| D784,359 S | | 4/2017 | Boot |
| D785,003 S | | 4/2017 | Yun |
| D790,579 S | | 6/2017 | Hays |
| D792,890 S | | 7/2017 | Cruttenden |
| D797,795 S | * | 9/2017 | Park ............................. D14/489 |
| D803,258 S | | 11/2017 | Graham |
| D806,736 S | | 1/2018 | Chung |
| D807,902 S | | 1/2018 | Cong |
| D808,425 S | * | 1/2018 | Park ............................. D14/492 |
| D808,426 S | * | 1/2018 | Park ............................. D14/492 |
| D819,669 S | | 6/2018 | Bronner |
| D826,955 S | | 8/2018 | Grecia |
| 10,049,376 B1 | | 8/2018 | Joglekar |
| D829,765 S | * | 10/2018 | Crawford ..................... D14/490 |
| D837,805 S | * | 1/2019 | Kwak ............................ D14/485 |
| D853,405 S | * | 7/2019 | Park ............................. D14/485 |
| D857,054 S | | 8/2019 | Grecia |
| D857,712 S | | 8/2019 | Grecia |
| D918,934 S | * | 5/2021 | Anderson ..................... D14/485 |
| D920,342 S | * | 5/2021 | Unger .......................... D14/485 |
| D921,669 S | * | 6/2021 | Carrigan ...................... D14/486 |
| D922,430 S | * | 6/2021 | Kataoka ....................... D14/491 |
| D926,218 S | * | 7/2021 | Moreira ....................... D14/488 |
| 2009/0018909 A1 | * | 1/2009 | Grecia ................. G06Q 30/02 |
| | | | 705/14.1 |

| | | | |
|---|---|---|---|
| 2010/0010906 A1 | * | 1/2010 | Grecia ................. G06Q 20/405 |
| | | | 705/21 |
| 2010/0060586 A1 | * | 3/2010 | Pisula ................. G06F 3/04886 |
| | | | 345/169 |
| 2011/0309138 A1 | * | 12/2011 | Wu ...................... G06K 7/1452 |
| | | | 235/375 |
| 2012/0004968 A1 | | 1/2012 | Satyavolu |
| 2012/0150747 A1 | | 6/2012 | Carey |
| 2012/0276880 A1 | | 11/2012 | Angorn |
| 2013/0262687 A1 | | 10/2013 | Avery |
| 2014/0071045 A1 | | 3/2014 | Muchnick |
| 2014/0073277 A1 | | 3/2014 | Iyer |
| 2014/0074704 A1 | | 3/2014 | White |
| 2014/0162595 A1 | | 6/2014 | Raleigh |
| 2014/0247278 A1 | | 9/2014 | Samara |
| 2014/0249901 A1 | | 9/2014 | Qawami |
| 2014/0310612 A1 | | 10/2014 | Lu |
| 2014/0337175 A1 | | 11/2014 | Katzin |
| 2014/0351033 A1 | | 11/2014 | Azevedo |
| 2015/0009152 A1 | | 1/2015 | Tang |
| 2015/0012426 A1 | | 1/2015 | Purves |
| 2015/0146925 A1 | | 5/2015 | Son |
| 2015/0235202 A1 | | 8/2015 | Zabala |
| 2015/0248669 A1 | | 9/2015 | Kornman |
| 2015/0271164 A1 | | 9/2015 | Hamid |
| 2015/0317060 A1 | | 11/2015 | Debets |
| 2016/0063435 A1 | | 3/2016 | Shah |
| 2016/0098616 A1 | | 4/2016 | Miller |
| 2016/0174025 A1 | | 6/2016 | Chaudhri |
| 2016/0240037 A1 | * | 8/2016 | Robbins .............. G07F 17/3225 |
| 2016/0359987 A1 | | 12/2016 | Laliberte |
| 2017/0111523 A1 | * | 4/2017 | Ackley .............. H04N 1/00029 |
| 2017/0365030 A1 | | 12/2017 | Shoham ................. G06Q 10/02 |

### OTHER PUBLICATIONS

Author: Early Warning Services, Webpage: https://www.zellepay.com/go/zelle.

Author: Early Warning Services, Webpage: https://apps.apple.com/us/app/zelle/id1260755201?ls=1.

Author: Early Warning Services, Webpage: https://play.google.com/store/apps/details?id=com.zellepay.zelle.

* cited by examiner

$0.00

Send    Request    Split

# FIGURE 1

Case: 1:22-cv-01064 Document #: 20 Filed: 11/29/22 Page 13 of 24 PageID #:124



# FIGURE 2



# FIGURE 3

Case: 1:22-cv-01064 Document #: 20 Filed: 11/29/22 Page 15 of 24 PageID #:126



# FIGURE 4

# FIGURE 5

# APPENDIX B
# CLAIM CHART
# COUNT I





# FIGURE 1



# FIGURE 4

WGPLLC v McDonalds - D930,702 Second Embodiment Claimed Design
https://www.dropbox.com/s/jj1omf9jdsq2y4j/Evidence1mc.MP4?dl=0



## FIGURE 5



# APPENDIX C
# CLAIM CHART
# COUNT II



FIGURE 1



# FIGURE 4



FIGURE 5

